# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

FUNDAMENTAL LONG TERM CARE,
INC. and ALAN M. GROCHAL,

      Appellants,

v.                                                       Case No: 8:13-cv-2273-T-30

BETH ANN SCHARRER, THE
ESTATES OF ARLENE TOWNSEND,
OPAL LEE SASSER, AND JAMES
HENRY JONES, FUNDAMENTAL
ADMINISTRATIVE SERVICES, LLC
and FUNDAMENTAL CLINICAL
CONSULTING, LLC,

      Appellees.

_____

## ORDER

      THIS CAUSE comes before the Court on appeal of the Bankruptcy Court's approval of a settlement between the trustee and three claimants, the Townsend estate, Sasser estate, and Jones estate. These three estates have judgments against the Debtor's subsidiary, not the Debtor. The judgments are currently on appeal. Even though these claimants have no direct claim against the Debtor, the Debtor agreed to a settlement of their claims. The Bankruptcy Court approved the settlements. The issue before this Court is whether the Bankruptcy Court committed reversible error in approving the settlement between the trustee and the estates. This Court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1).

As a result of a previous appeal before this Court, the Bankruptcy Court currently has an adversary proceeding before it in which it is to determine whether the Debtor has alter ego liability for the claims against its subsidiary, THMI.   If the Debtor successfully defends against the alter ego liability claims, it would nevertheless be subject to the claims that have now been allowed and approved by the Bankruptcy Court if this Court affirms the settlement order.   In other words, a successful defense against those claims would be for naught.

The Bankruptcy Court has done yeoman's work in trying to sort out the myriad issues presented in this novel bankruptcy estate.   Many of these issues were created because the creditors placed Fundamental Long Term Care, Inc. into bankruptcy as the debtor, rather than its subsidiary THMI against which the estates have causes of action.

The approval of the settlement prior to resolving whether there is an identity of interests between the Debtor and THMI renders the approval premature.   The Order approving the settlement will therefore be reversed and this matter remanded to the Bankruptcy Court for reconsideration after it has concluded the adversary proceeding resolving the issue of the identity of interest between Fundamental Long Term Care, Inc. and THMI.

It is therefore ORDERED and ADJUDGED that:

1.      The Order of the Bankruptcy Court is hereby REVERSED and REMANDED to the Bankruptcy Court to reconsider the settlements after it has concluded the adversary proceeding resolving the issue of the identity of interest between Fundamental Long Term Care, Inc. and THMI.

2.     The Clerk is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida, this 18th day of December, 2013.


JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE


<u>Copies furnished to:</u>
Bankruptcy Judge Williamson, case #8:11-bk-22258-MGW
Counsel/Parties of Record

F:\Docs\2013\13-cv-2273 appeal bk.docx